Frank T. Solensky and Joan A. Solensky v. Commissioner.
Solensky v. Commissioner
Docket No. 519-62.
United States Tax Court
T.C. Memo 1965-179; 1965 Tax Ct. Memo LEXIS 150; 24 T.C.M. (CCH) 947; T.C.M. (RIA) 65179; June 29, 1965
*150 Petitioner failed to keep written records of his tip income. Respondent reconstructed such income by use of a formula. Held: (1) The amount of tip income for each year is determined under the Cohan rule. (2) Petitioner was negligent in failing to keep written records of his exact tip income; the 5 percent addition to the tax for each year under section 6653(a) is sustained. Frank T. Solensky, pro se, 65 Westview Dr., Bergenfield, N.J., Arnold Y. Kapiloff, for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined for the years 1957, 1958, and 1959, income tax deficiencies and additions to the taxes under section 6653(a), 1954 Code, in the following amounts: Year
Deficiencies
Sec. 6653(a)
1957
$465.40
$23.27
1958
461.51
23.08
1959
411.25
20.56
The question to be decided is the amount of the tip income in each year of the petitioner, Frank T. Solensky. The respondent determined that petitioner understated his tip income for each year. Respondent used a formula in reconstructing the total amount of tips in each year. Such reconstruction resulted in determinations of a total sum *151 of tips and understatements in specific amounts for each year. Findings of Fact Some of the facts have been stipulated. The stipulated facts are found as stipulated and are incorporated herein by reference. The petitioners filed a joint return for each year. The returns were filed with the district director of internal revenue in Newark, New Jersey. The issue relates only to Frank T. Solensky. He is referred to hereinafter as the petitioner. During the taxable years, petitioner was employed as a waiter at the Harwyn Club, a restaurant located at 112 East 52nd Street, New York City. It was a fashionable, nightclub restaurant, not a private club. It commenced business in the latter part of 1954, and ceased doing business in 1962. Petitioner did not keep any records of his tip income for each year. The following schedule shows the correct amounts of petitioner's wages at the Harwyn Club in each year; the amounts of tip income which petitioner reported in the returns; the total amounts of tip income determined by the respondent by the use of a formula, and the resulting amounts of unreported tip income: Tips Re-
Tips Per Re-
Unreported Tips
Year
Wages
ported
spondent
Per Respondent
1957
$1,784.60
$2,100
$4,461.50
$2,361.50
1958
1,837.50
2,300
4,593.75
2,293.75
1959
1,796.70
2,400
4,491.75
2,091.75
*152 The amount of tip income which petitioner reported for each year was his estimate. He made estimates of the total amounts because there are no written records thereof. The Harwyn Club did not keep any records showing the amounts of sales made by any particular waiter. Petitioner did not keep any records showing the amounts of his sales. Petitioner's regular wages, on the basis of a 5-day week, were paid on the basis of $33.50 per week during the period from November 1, 1956, to November 1, 1957; $35 per week during the periods from November 1, 1957, to November 1, 1958, and November 1, 1958, to November 1, 1959; and $36.50 per week from November 1, 1959, to November 1, 1960. In addition, petitioner was paid overtime, if he worked overtime and if he worked an extra day in addition to the 5-day week, or if he worked on a holiday. All of the waiters were paid regular wages and overtime on the same basis. The respondent reconstructed and determined the total amount of petitioner's tip income and the amount of the resulting understatement of the total amount thereof for each of the taxable years on the basis of a formula. He determined that petitioner received in each year tip income *153 in a dollar amount equal to the sum which he computed under the formula. The formula consisted of applying 250 percent to the total amount of the wages received by petitioner in each year. Respondent determined that the underpayment of tax for each year was due to negligence, and he made an addition to the tax for each year under section 6653(a), 1954 Code. Ultimate Findings of Fact 1. Petitioner's tips amounted to at least $4,014 in 1957; $4,133.25 in 1958; and $4,041 in 1959. Petitioner failed to report the following amounts of tips: $1,914 for 1957; $1,833.25 for 1958; and $1,641 for 1959. 2. Petitioner was negligent in failing to keep records of the amount of the net tips he received during each of the years 1957, 1958, and 1959. Part of the underpayment of tax for each of the taxable years was due to petitioner's negligence. Opinion The main issue for decision is whether petitioner in his returns understated his tip income for each year. If it is held that he did not include in gross income all of his tip income for each year, there results an underpayment of tax for each year and the next question is whether any part of such underpayment of tax for each year was *154 due to petitioner's negligence so as to necessitate an addition to the tax under section 6653(a), 1954 Code. The questions are both ones of fact. Issue 1: Respondent's determinations are deemed to be correct as a matter of law. . Petitioner had the burden of proof. Consideration has been given to evidence petitioner was able to produce. We are satisfied that petitioner received tip income in each year in a slightly lower amount than respondent determined. Under the rule of , bearing against petitioner for his own inexactitude and failure to keep adequate records, it is found and concluded that petitioner's tip income in each year was in the amount of at least $4,014 in 1957; $4,133.25 in 1958; and $4,041 in 1959; and that he failed to report tip income for each year in the respective amounts of $1,914, $1,833.25, and $1,641. Consideration has been given to ; ; ; , certiorari denied ; *155 and (both of the latter affirming Memorandum Opinions of this Court.) Each case must stand on its own facts. As in , respondent was justified here in applying a formula to determine petitioner's tip income in each year, under the circumstances. However, we are satisfied by petitioner's evidence that some adjustment must be made in the amount determined as total tip income for each year. As in , a reduction is made in the amount of the tip income for each year, as set forth in the findings, below the amount determined by the respondent. As stated in : Since we are satisfied that some adjustment is necessary, we have no alternative but to make an estimate, based upon available information, weighing doubts against the petitioner, who has the burden of proof. (C.A. 2, 1930). Issue 2: The next question is whether petitioner is liable for an addition to the tax for each year of 5 percent under section 6653(a), for negligence. The conclusion is that he was extremely negligent in failing *156 to keep the required records of his tip income for each year, and that the addition to the tax must be imposed. The amount thereof will be recomputed under Rule 50 on the basis of this Court's determination of the unreported amount of tip income for each year. Petitioner's understatement of his tip income in his return for each year was due to negligence. ; Decision will be entered under Rule 50.